JEFFERSON P. MOORE *et als.*, appellants from the decision of county commissioners.

Piscataquis. Opinion delivered September 10, 1878.

*County commissioners. Ways. Appeal.*

R. S., c. 18, § 2, provides when a petition for the location or discontinuance of a highway is presented to the county commissioners, that, before giving the prescribed notice of the time and place of their meeting, they must be "satisfied that the petitioners are responsible, and that an inquiry into the merits is expedient." *Held*, that, on these preliminary questions, their judgment is conclusive, and no appeal lies to their decision.

ON EXCEPTIONS.

PETITION to the county commissioners of Piscataquis county, dated at Abbot, March 20, 1877, and signed J. P. Moore and 111 others, and of the following tenor :

" The undersigned petitioners would respectfully request your honors to discontinue a location for a county road and bridge across the Piscataquis river, as located by your honors. Said road commenced at or near J. J. Buxton's hotel, in Abbot, in said county; thence, running in an easterly direction, to and across said Piscataquis river, and terminating at or near Calvin Carr's, in said Abbot."

The county commissioners' record on this petition, at their April term, 1877, was as follows :

" The foregoing petition was entered in this court, at the present term thereof; and now the petitioners and those opposed to

the petition appear and are heard, touching the matter set forth in the petition. Whereupon the commissioners make return upon the same in the words and figures following, to wit: 'Piscataquis ss. Court of county commissioners, April term, A. D. 1877. Upon the foregoing petition, it is considered by the commissioners that the petitioners are responsible, but an inquiry into the merits is inexpedient; and for that reason the petition is dismissed.'"

The appellants appealed from the decision dismissing the petition, at the regular term of court, holden on the first Tuesday of April, A. D. 1877, and also at the regular term, holden on the first Tuesday of August, A. D. 1877.

The presiding justice dismissed the appeal on motion of counsel for the commissioners; and the appellants alleged exceptions.

*H. Hudson* and *C. A. Everett*, for the petitioners.

*A. G. Lebroke* with *J. F. Sprague*, for the county commissioners, said that the road sought to be discontinued was a mile long, all in a single town, Abbot (*Harkness* v. *Co. Commissioners of Waldo*, 26 Maine, 353), laid out with a bridge across the Piscataquis to connect with the railroad, and accommodating many towns; that proceedings were closed December term, 1875; time allowed to build, eighteen months; the town did not build; this petition was a flank movement to destroy the road; that the commissioners appointed an agent, under whom the road had been built; but the legal question remained; that the legislature never intended that a few individuals by persistent petitions and appeals could prevent the building of a road, laid out and ordered built by the county commissioners; that no appeal lay to their decision on the preliminary question, whether an inquiry into the merits was expedient.

DANFORTH, J. By R. S., c. 18, § 2, when a petition for the location or discontinuance of a highway is presented to the county commissioners, before giving the prescribed notice of the time and place of their meeting, they must be "satisfied that the petitioners are responsible, and that an inquiry into the merits is expedient." These adjudications are indispensable prerequisites

to any further proceedings. In this case, the commissioners were not satisfied of the expediency of an inquiry into the merits, and dismissed the petition. From this decision an appeal was taken, and the question now presented is whether such an appeal can be entertained by this court.

The provisions authorizing and regulating such appeals are found in R. S., c. 18, § 37, as amended by the acts of 1873, c. 91, and 1875, c. 25, § 5. By these provisions any party appearing "at the time of hearing before the commissioners . . may appeal from their decision thereon at any time, after it has been placed on file," etc. This "hearing" can be no other than that fixed in the notice referred to in § 2; for no other is provided. The striking from the R. S. the words, "it has been entered of record," and inserting the words, "their return has been placed on file," as provided in the act of 1873, has peculiar significance, not only in reference to the time when the appeal is to be made, but also as showing the subject matter from which it is to be taken. The only decision which is to be returned and placed on file is that which results from the hearing after notice given, and refers to the granting or refusal of the petition upon its merits after the view as well as the hearing. Hence, an appeal is allowable only from the final decision of the commissioners, which they thus return and place on file, and not from the preliminary adjudication, which may perhaps properly be a matter of record, but can for no purpose be made a matter of return to be placed on file to await ulterior proceedings.

This view is confirmed by the nature and purpose of an appeal. In all cases it is allowed that a party may have his case re-examined by a tribunal other than that appealed from; and in the appellate court the decision complained of must be open to revision. But in this case no such revision can be had. If the commissioners are not satisfied of the responsibility of the petitioners, or of the expediency of an inquiry into the merits, no further proceedings can be had. The statute nowhere gives the court, or the committee to be appointed, authority to inquire into either of these preliminary questions. If, then, the appeal should be allowed, the judgment of the commissioners upon both these questions must

stand, for the simple reason that the appellate court has no power to revise it. It would hardly be contended that an appeal would open the question as to the responsibility of the petitioners, and certainly there is no more authority under the statute for revising the judgment upon the other question. Each rests upon the same foundation. The judgment upon either cannot be affirmed or reversed by any subsequent proceedings.

It is, then, very apparent, taking together the several provisions of the statute upon this subject, that the legislature did not intend to authorize an appeal from the decision of the commissioners upon these preliminary questions, but that their judgment thereon should be conclusive.

This view is not in conflict with the case of *Hanson et als., appellants*, 51 Maine, 193. That involved a question of jurisdiction, a decision of which could as well be made after a notice and hearing as before, or in any stage of the proceedings. It would be open to the appellate court equally as to the tribunal appealed from, and therefore, if erroneously decided, that judgment could be reversed on appeal.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, LIBBEY and PETERS, JJ., concurred.